UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOWARD I. GINSBURG, as Administrator
of the Estate of Bradley Marc Ginsburg,

                          Plaintiff,

          -vs-                                 5:11-CV-1374

CITY OF ITHACA and CORNELL UNIVERSITY,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                      OF COUNSEL:

OFFICE OF LELAND T. WILLIAMS         LELAND T. WILLIAMS, ESQ.
Attorneys for Plaintiff
95 Allens Creek Road, 1-107
Rochester, NY 14618

LAW OFFICES OF THERESA G. PULEO     DAVID TWICHELL, ESQ.
Attorneys for the Defendant City of Ithaca
441 South Salina Street
Syracuse, NY 13202

OFFICE OF UNIVERSITY COUNSEL          NELSON E. ROTH, ESQ.
Attorneys for the Defendant Cornell University
300 CCC Building
Garden Avenue
Ithaca, NY 14853

DAVID N. HURD
United States District Judge

## DECISION and ORDER

On March 15, 2012, a Memorandum–Decision and Order ("MDO") was filed granting in part and denying in part defendants' motions for judgment on the pleadings. Ginsburg v. City of Ithaca, ___ F. Supp. 2d ___, 2012 WL 858412 (N.D.N.Y. 2012). On March 28, 2012,

defendant City of Ithaca filed a motion for reconsideration of the MDO. Dkt. No. 36. The following day, defendant Cornell University joined this motion. Dkt. No. 37. Plaintiff has responded. Dkt. No. 38.

In order to prevail on a motion for reconsideration, "[t]he moving party must 'point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" United States v. Bocio, 105 F. Supp. 2d 1, 2 (N.D.N.Y. 2000) (Kahn, J.) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). The three grounds upon which such a motion may be granted include: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Id. (internal quotation marks omitted).

Defendants concede there is neither new law nor new evidence to justify reconsideration. They instead argue that, without clarification, the MDO creates potential for manifest injustice. Specifically, defendants worry that two paragraphs constitute "binding determination of a rule of law" that decides the merits of the negligence claims against them.[1] This argument is unpersuasive. The MDO speaks for itself.

The parties are reminded that when considering a motion for judgment on the pleadings, a court is to accept the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Hayden v. Paterson, 594 F.3d 150,

---

[1] These paragraphs are: (1) "As alleged in the amended complaint, as owner and controller of the Thurston Avenue Bridge, defendants had a duty to maintain that property in a reasonably safe condition to prevent foreseeable suicides."; and (2) "Defendants thereby conclude that his suicide was unforeseeable, absolving them of any liability. However, the possibility that Bradley in particular would commit suicide is irrelevant. It was clearly foreseeable that someone may commit suicide by jumping off the Thurston Avenue Bridge." Ginsburg, 2012 WL 858412, at *3–4.

160 (2d Cir. 2010).  Indeed, the MDO specifically noted that "[t]he following facts, taken from the amended complaint and documents incorporated by reference thereto, are assumed true for purposes of the motions for judgment on the pleadings." Ginsburg, 2012 WL 858412, at *1.

Accordingly, defendants' motion for reconsideration (Dkt. Nos. 36, 37) is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 2, 2012
       Utica, New York.